THE STATE ex rel. YOUNG v. HAWES et al., Appellants.

In Banc, November 3, 1903.

1. **Officer**: POLICE CAPTAIN: TENURE. The tenure of a captain under the police act of St. Louis is not four years, but indefinite, depending on the pleasure of the board.

2. ———: APPOINTMENT BY IMPLICATION. There is no such thing as reappointment by implication, under the laws of this State, of a police officer who holds over after his term expires, but if he is permitted to hold over at the expiration of his term it is at the pleasure of the appointing power.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher*, Judge.

REVERSED.

*C. W. Bates* and *Wm. F. Woerner* for appellants.

*A. A. Paxson* for respondent.

GANTT, J.—Mandamus for $975, for salary as captain, from October 17, 1895, to May 1, 1896. Peremptory writ was awarded as prayed and defendants appealed.

Relator was appointed a patrolman December 5, 1878, was promoted to sergeant March 4, 1884, was promoted to captain, December 2, 1889, and served as captain until dropped from the rolls on · October 17, 1895. His claim is that his appointment as captain on December 2, 1889, was for a term of four years, and at the end of that term, as he was not discharged, he was reappointed, by implication, for another term of four years. He is in error as to both premises. As captain he had no fixed term, and there is no such thing in this State as a reappointment by implication at or after the expiration of a fixed term. [State ex rel. Rife v. Hawes, reported at page 360 of this volume.] The judgment of the circuit court is erroneous, and it is reversed and the writ quashed.

All concur.